<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES F. JOHNSON, | : | Civil Action No. 07-3057 (NLH) |
| Petitioner, | : | |
| v. | : | <u>OPINION</u> |
| UNITED STATES OF AMERICA, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    JAMES F. JOHNSON, #07561-016
    F.C.I. Fort Dix
    Fort Dix, New Jersey  08640
    Petitioner <u>Pro</u> <u>Se</u>

    DOROTHY J. DONNELLY, Assistant United States Attorney
    CHRISTOPHER J. CHRISTIE,  United States Attorney
    412 East State Street
    Trenton, New Jersey  08608
    Attorneys for Respondents

**<u>HILLMAN, District Judge</u>**

    Petitioner James F. Johnson, a D.C. Code offender presently confined at FCI Fort Dix, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the failure of the United States Parole Commission and the Bureau of Prisons to deduct 20 days of educational good time credits from his release date of August 16, 2007, pursuant to the District of Columbia

Good Time Credits Act.[1]  Respondents filed a Response, and Petitioner filed a Reply.[2]  For the reasons set forth below, this Court will dismiss the Petition with prejudice.

## I.  BACKGROUND

Petitioner is a D.C. Code offender presently serving a sentence imposed on March 31, 1995, by the District of Columbia of a term of 44 months to 11 years (132 months) for carrying a pistol without a license.  On October 10, 2003, Petitioner was released on parole, with 1, 352 days (45 months) remaining on his sentence.  On or about August 17, 2005, Petitioner was returned to custody of the Bureau of Prisons for violation of parole and designated to FCI Fort Dix.  On January 5, 2006, the United States Parole Commission revoked parole, imposed a presumptive re-parole date of December 16, 2006, and determined that none of the time spent on parole would be credited against the 1,352 days remaining on the 11-year maximum sentence.[3]  On April 13, 2007, the National Appeals Board of the United States Parole Commission modified its prior decision, as a result of a disciplinary infraction committed by Petitioner, and imposed a re-parole date of August 16, 2007.  On June 18, 2007, Bureau of Prisons officials awarded Petitioner 20 days of educational good time credits for successful completion of a Computer Skills course on March 28, 2007.  On July 19, 2007, the BOP applied the 20-day credit to Petitioner's maximum release date, modifying the date from April 29, 2009, to April 9, 2009.

---

[1] Petitioner labeled his pleading "Motion for Writ of Mandamus."  This Court construed the pleading as a Petition under 28 U.S.C. § 2241 and ordered Respondents to file a response.

[2] Petitioner also filed a motion for entry of default judgment.  However, since Respondents filed a timely Response, the motion is denied.

[3] The re-parole date was conditioned on maintaining good institutional conduct and development of a suitable release plan.

Petitioner asserts that the D.C. Good Time Credits Act provides that educational good time credits "shall" be applied to the minimum term of imprisonment to determine the date of eligibility for release on parole and to the person's maximum term to determine the date when release on parole becomes mandatory.  He contends that the Parole Commission and Bureau of Prisons violated this code by failing to deduct the 20 days of educational good time credits from his parole release date of August 16, 2007.  The government argues that the Petition should be dismissed because the BOP complied with the D.C. Code by reducing his maximum parole release date.

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed."  Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989)).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."  Coady v.

3

Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence."  Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976).   This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner was incarcerated in New Jersey when he filed his Petition and he challenges the duration of his present confinement based on the allegedly improper calculation of his release date.  See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973).

B.  The Merits

Under the D.C. Good Time Credits Act, a person convicted of a felony must be sentenced for "a maximum period not exceeding the maximum fixed by law, and for a minimum period not exceeding one-third of the maximum sentence imposed, and any person so convicted and sentenced may be released on parole . . . at any time after having served the minimum sentence."  D.C. Code § 24-403 (formerly D.C. Stat. § 24-203(a)).  The D.C. Code authorizes a prisoner's release on parole "[w]henever it shall appear . . . that there is a reasonable probability that a prisoner will live and remain at liberty without violating the law, that his release is not incompatible with the welfare of society, and that he has served the minimum sentence imposed or the prescribed portion of his sentence, as the case may be . . ."  D.C. Code § 24-404(a) (formerly D.C. Stat. § 24-204(a)).  In addition, the Good Time Credits Act provides that "[e]ducational good time credits [awarded to a prisoner] shall be applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole and to

the person's maximum term of imprisonment to determine the date when release on parole becomes mandatory." D.C. Code. § 24-221.01(b) (formerly D.C. Stat. § 24-429(b)).

As explained by the District of Columbia Court of Appeals,

> The *Good Time Credits Act*, by its terms, reduces both the minimum and maximum sentences . . . . Once the minimum sentence, less good time, is served, an inmate is eligible for parole consideration, i.e., the inmate has reached the parole eligibility date . . . . The decision to grant or deny parole, upon eligibility, is within the discretion of the Parole Board. When the maximum sentence, less good time, has been served, an inmate must be released, i.e., the inmate has reached the mandatory release date.

Murray v. Stempson, 633 A. 2d 48, 49-50 (D.C. 1993) (citations and footnotes omitted).[4]

The Good Time Credits Act required the United States Parole Commission to apply Petitioner's 20 days of educational good time credits to his "minimum term of imprisonment to determine the date of eligibility for release on parole and to [his] maximum term of imprisonment to determine the date when release on parole becomes mandatory." D.C. Code. § 24-221.01(b) (formerly D.C. Stat. § 24-429(b)). Because Petitioner became eligible for parole in approximately November 1998, upon the expiration of his 44-month minimum term, the 20 days of educational good time credits, which he earned in 2007, could have no effect on the date Petitioner became eligible for parole. The United States Parole Commission complied with § 24-221(b) by reducing Petitioner's mandatory parole release date by 20 days, from April 29, 2009, until April 9, 2009. Petitioner is therefore not entitled to the relief he seeks, i.e., an order

---

[4] See also Fields v. Keohane, 954 F. 2d 945, 947 (3d Cir. 1992) ("Under the District scheme, good time credits are applied to reduce the minimum term of imprisonment, which determines the date of parole eligibility, as well as to reduce the maximum term of imprisonment, which determines mandatory release").

5

directing his release on parole 20 days earlier than the August 16, 2007, date set by the United States Parole Commission.  This Court will accordingly dismiss the Petition with prejudice.

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition.

```
s/ Noel L. Hillman
```
**NOEL L. HILLMAN, U.S.D.J.**


Dated: August 6 , 2007

At Camden, New Jersey